UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JULION GRAHAM,<br><br>　　　　　　Defendant. | 5:22-CR-50090-KES-1<br><br>ORDER GRANTING MOTION<br>TO REDUCE SENTENCE |

Defendant, Julion Graham, filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 54. Plaintiff, the United States of America, agrees that Graham's motion should be granted. Docket 56. For the following reasons, the defendant's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a ... resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions ... to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been

applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

    The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

    On December 1, 2022, the court sentenced Graham to a term of imprisonment at the bottom end of his original Guidelines range, to a term of 27 months' imprisonment. Docket 45. He now requests a sentence at the bottom end of the amended Guidelines range, to a term of 21 months' custody. Docket 54 at 1. Graham believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence, calling for a single point to be applied to those with 7

2

or more criminal history points but no points for offenders with 6 or fewer points. *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e), Graham appears to meet the criteria for such a reduction. With that reduction, he now receives 1 "status point" instead of 2, resulting in a total of 8 criminal history points. That places him in Criminal History Category IV and reduces the advisory Guideline range to 21-27 months. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Graham moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). After considering such motion and taking into account the

3

policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court grants the motion.

## CONCLUSION

Thus, it is ORDERED that the motion is GRANTED, and defendant's previously imposed sentence of imprisonment is reduced to all time served through February 11, 2024. The probation office is directed to prepare an amended judgment reflecting this change.

Dated January 26, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE